# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DAN PURJES, an individual, and the PURJES FOUNDATION,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DIGINEXT, LLC, a Delaware Limited Liability Company, and ARI FRIEDMAN, an individual,**<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:19-cv-00309<br><br>Magistrate Judge Dustin Pead |

## INTRODUCTION

Under the parties' consent, United States Magistrate Judge Dustin B. Pead is to conduct all proceedings in this matter, including entry of final judgment. (ECF No. 23.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendant Ari Friedman's ("Mr. Friedman") motion to dismiss. (ECF No. 21.) Oral argument was held on November 5, 2019, after which the court took the motion under advisement. (ECF No. 40.) Having considered the parties' arguments and briefing, along with the relevant legal authorities, the court now rules as set forth herein.

## BACKGROUND

In 2018, Plaintiffs Dan Purjes and the Purjes Foundation (collectively, "Plaintiffs"), and Defendant DigiNext, LLC ("DigiNext"), were parties to a dispute involving the distribution rights to the documentary film *Eating You Alive* (the "Film"). *See* Case No. 2:17-cv-01190-CW.

In that case, District Court Judge Clark Waddoups issued an Order awarding "a Declaratory Judgment that the Purjes Foundation has all rights in the [F]ilm Eating You Alive and [finding] that Diginext has no rights in the Film." (ECF No. 51.)

Thereafter, on May 7, 2019, Plaintiffs filed this separate action, alleging that Defendants DigiNext and Mr. Friedman[1] violated Judge Waddoups' Order by infringing on Plaintiffs' copyright. (ECF No. 2); *See* 17 U.S.C. §§ 101 *et seq*. Specifically, Plaintiffs allege the Film is still available for digital download on DigiNext's website, at least to those customers who purchased the Film while DigiNext still had the distribution rights. *Id.*

On June 20, 2019, Mr. Friedman filed his pending motion to dismiss for failure to state a claim and lack of personal jurisdiction. (ECF No. 21); Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

"Federal courts may exercise personal jurisdiction over a defendant 'who is subject to the jurisdiction of a [state] court . . . in the state where the [federal] court is located.'" *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013). To make this determination, courts look to the relevant state's long-arm statute. In Utah, "any set of circumstances that satisfies due process will also satisfy the long-arm statute." *SII Megadiamond v. Am. Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998) (citing Utah Code Ann. § 78-27-22).

To exercise personal jurisdiction "in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Newsome*, 722 F.3d at 1264. Such minimum contacts may give rise to either general or specific jurisdiction. General

---

[1] Of note, Mr. Friedman was not a named party in the prior litigation. *See* Case No. 2:17-cv-01190.

jurisdiction exists where "a nonresident party has 'continuous and systematic general business contacts with the forum state." *Id.* In this case, Plaintiffs do not claim that the court has general jurisdiction over Mr. Friedman.

For specific jurisdiction to exist, the plaintiff must show that a defendant has the necessary minimum contacts with the state of Utah. *Id.* To do so, the plaintiff must demonstrate (1) that the defendant purposefully directed its activities at residents of the forum state, and (2) that the plaintiff's injury arose from those purposefully directed activities. *Id.* If the plaintiff meets this burden, jurisdiction may still be improper if the defendant can show that exercising jurisdiction would offend traditional notions of fair play and substantial justice. *Id.* at 1271.

## DISCUSSION

In this case, Plaintiffs fail to satisfy their initial minimum contacts burden because the allegations, taken as true, do not show that Mr. Friedman purposefully directed his activities at residents of Utah in his personal capacity.

**The Allegations Do Not Show That Mr. Friedman Has Minimum Contacts with Utah in His Personal Capacity.**

Even if Plaintiffs can show that the allegedly infringing activity was purposefully directed at Plaintiffs in Utah and that Plaintiffs' injury arose from that activity, they do not allege facts sufficient for this court to exercise jurisdiction over Mr. Friedman in his personal capacity.

In *Ten Mile Industrial Park v. Western Plains Service Corp*, the court did not exercise personal jurisdiction over a corporate defendant's executive committee members because the plaintiffs "failed to offer sufficient evidence to show that the executive committee appellees were using [the corporation] to conduct personal affairs." 810 F.2d 1518, 1527 (10th Cir. 1987). The plaintiffs also failed to allege any grounds for jurisdiction independent of the executives' activities on the executive committee. *Id.* The same is true in this case. There are simply no

3

allegations that any contacts Mr. Friedman had with Utah occurred while acting outside his capacity as CEO of DigiNext.

In the complaint, Plaintiffs allege that Mr. Friedman, a citizen of New York, is the chief executive officer and founder of DigiNext. (ECF No. 2, ¶¶ 10–11.) To show Mr. Friedman's involvement in the alleged infringement, Plaintiffs rely upon and attach an April 29, 2019 letter, written on DigiNext letterhead and signed by Mr. Friedman. (ECF No. 2, ¶ 34; ECF No. 2-5.) The letter was written by Mr. Friedman in response to a demand letter Plaintiffs sent after discovering DigiNext's allegedly infringing conduct. (ECF No. 2, ¶¶ 26–28; ECF No. 2-4.) In the letter, Mr. Friedman explains the reasons for which the film remained available to those who had purchased it and offers a potential solution to Plaintiffs' concerns. (ECF No. 2, ¶¶ 29–31; ECF No. 2-5.)

Although these allegations tend to show Mr. Friedman's awareness and approval of the conduct at issue, they fail to show that Mr. Friedman was acting outside his capacity as CEO of DigiNext. Where "the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction." *Ten Mile Industrial Park,* 810 F.2d at 1527 (*citing* 4.C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1069, p. 69 (1985 Supp.). Moreover, jurisdiction over representatives of a corporation "may not be predicated on jurisdiction over the corporation itself, and jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Ten Mile Industrial Park,* 810 F.2d at 1527.

Plaintiffs argue the alleged injury was directed at Utah, explaining that "injury resulting from copyright infringement is felt where the owner is located" and that the Purjes Foundation's principal place of business is in this state.[2] (ECF No. 30, p. 6.) However, even assuming this to be true, it fails to show "personal, not representative, contacts with the forum" on the part of Mr. Friedman. *Caldwell-Baker Co. v. S. Ill. Railcar Co.*, 225 F.Supp. 2d 1243, 1262 (Dist. Kan. 2002). This is true even if Friedman "made the decision to refuse to accede to Purjes's demand" regarding the alleged infringement. (ECF No. 30, p. 7.) Indeed, there is no allegation that Mr. Friedman made such a decision outside his "corporate or representative capacity." *Ten Mile*, 810 F.2d at 1527.

Finally, the court recognizes that Plaintiffs' burden of establishing personal jurisdiction in the preliminary stages of litigation is "light." *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Yet none of Plaintiffs' allegations against Mr. Friedman suggest that he acted outside his capacity as CEO of DigiNext. Plaintiffs have not alleged any set of facts that take this case outside the rule that "the corporate structure will ordinarily insulate the individual[] from the court's jurisdiction." *Ten Mile*, 810 F.2d at 1527.

Because Plaintiffs fail to meet their minimum contacts burden, Mr. Friedman is not required to show that exercising jurisdiction would offend traditional notions of fair play and substantial justice.

---

[2] Plaintiffs also direct the court to *Dudnikov v. Chalk & Vermilion Fine Arts*, a Tenth Circuit copyright case where the court concluded that personal jurisdiction existed in Colorado over non-Colorado defendants. 514 F.3d 1063, 1082 (10th Cir. 2008). Here however, unlike *Dudnikov*, the defendant is an individual not a corporation. *Id.* at 1068–69. In this case, the question is whether Plaintiffs can show that Mr. Friedman, not DigiNext, has sufficient personal contacts with the state of Utah necessary for the court to exercise personal jurisdiction over him.

## CONCLUSION

For these reasons, the court grants Mr. Friedman's motion to dismiss for lack of personal jurisdiction. (ECF No. 21.) If during the course of discovery facts arise that would allow the court to exercise personal jurisdiction over Mr. Friedman, Plaintiffs may seek amendment.

Because the court finds that it cannot exercise personal jurisdiction over Mr. Friedman, it is unnecessary to address Mr. Friedman's contention that Plaintiffs fail to state a claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ORDER

As set forth herein, the court ORDERS as follows:

> Defendant Ari Friedman's motion to dismiss is GRANTED without prejudice for lack of personal jurisdiction.

**IT IS SO ORDERED.**

DATED: November 26, 2019.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge
