# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| DAN PURJES, an individual, and the PURJES FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>DIGINEXT, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:19-cv-00309<br><br>Magistrate Judge Dustin Pead |

On January 21, 2020, Plaintiffs Dan Purjes ("Purjes") and the Purjes Foundation (the "Foundation") (collectively, "Plaintiffs") filed a Motion for Entry of Default Certificate ("Motion") against Defendant DigiNext, LLC ("DigiNext" or "Defendant") (ECF No. 54.) Upon review of Plaintiffs' Motion and the Affidavit of Attorney Jared L. Cherry (ECF No. 55) provided in support thereof, the court now rules as set forth herein.[1]

## **BACKGROUND**

On December 26, 2019, the Court issued Orders (the "Orders") allowing counsel for DigiNext LLC[2] to withdraw and requiring Defendant to obtain new counsel within twenty-one (21) days from the date of the Orders. (ECF No. 47; ECF No. 48; ECF No. 49.)[3] The Orders

---

[1] The parties in this case have consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit (ECF No. 23); *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Defendant Ari Friedman was previously dismissed as a Defendant for lack of personal jurisdiction. (ECF No. 43.)

[3] DigiNext must be represented by an attorney admitted to practice in this court and as a limited liability company cannot represent itself pro se. (ECF No. 48); *See* DUCivR 83-1.3.

1

indicated that Defendant's failure to file a timely Notice of Appearance for new counsel could result in the imposition of "sanction[s] pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment." (*Id.* at 2.) On December 26, 2019, the District Court Clerk's Office mailed a copy of the Orders to DigiNext at the address provided by Defendant's counsel: DigiNext, LLC, c/o Ari Friedman, Principal, 347 5th Ave, <u>Suite 1502-188</u>, New York, New York 10016.

On January 7, 2020, the Clerk's Office indicated that the Orders were returned as undeliverable, with no forwarding address provided. (ECF No. 50.) The following day, the Court emailed Defendant's counsel and requested confirmation that the address provided was correct.[4] In response, counsel suggested resending the Orders to an amended address at: DigiNext, LLC, c/o Ari Friedman, Principal, 347 5th Ave., <u>Suite 1402-188</u>, New York, New York, 10016.

On January 9, 2020, the Clerk's Office mailed the Orders to the newly identified address. Yet, on January 15, 2020, the Orders were again returned as undeliverable. (ECF No. 53.)

## **PENDING MOTION**

On January 21, 2020, Plaintiffs filed their Motion for Entry of Default Certificate pursuant to local rule DUCivR 55-1(a) and rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 54.) Under rule 55, default must be entered "when a party against whom a judgment for affirmative relief is sought has failed to plead, or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Pursuant to the District of Utah's local rules, the process for entry of default is two-fold, requiring the initial entry of a default certificate followed by the entry of default judgment. *See* DUCivR 55-1(a)(b). While Plaintiffs look to rule

---

[4] This information is contained in a January 8, 2020, Chambers' Note.

2

55 for relief, upon review, their Motion actually seeks relief under federal rule 37 for failure to comply with the Courts' Orders requiring new counsel's timely Notice of Appearance.

Both local rule DUCivR 83-1.4 and the Orders indicate that Defendant's failure to timely obtain new counsel may result in the imposition of sanctions under rule 16(f)(1). In relevant part, federal rule 16(f)(1), addressing sanctions in the context of pretrial conferences, scheduling and case management, states, in relevant part:

> On motion or on its own, the court may issue any just orders,
> Including those authorized by Rule 37(b)(2)(A)(ii-vii), if a
> party or its attorney: . . .
>
>   (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1)(C). Under rule 37, the Court is granted authority to impose "a default judgment against the disobedient party" for failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(vi). Thus, through their pending Motion, Plaintiffs move for default as a sanction for Defendant's disobedience in failing to comply with the Court's Orders. *Id.*

Before dismissing a case under rule 37, the court must consider several factors including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992); *see also Mobley v McCormick,* 40 F.3d 337, 314 (10th Cir. 1994). Further, "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default] an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted).

Here, while default is likely warranted, given that the prejudice is significant and Defendant has not received warning of default as a possible sanction, the court requests that Plaintiffs, within seven (7) days from the date of this Ruling, either: (1) confirm that they are not aware of any other address at which DigiNext could receive notice; or (2) provide any alternate address, that Plaintiffs are aware of, at which DigiNext could receive notice of the Court's Orders and Plaintiffs' Motion. While it is not the Plaintiffs' burden to provide, or maintain, Defendant's current address of record, given the significance of the sanction requested, the Court takes this precautionary measure in an attempt to obtain any available information about Defendant's current location.

## **ORDER**

IT IS HEREBY ORDERED that no later than **February 14, 2020**, Plaintiffs provide the court with any alternate address or, in the alternative, confirm that they are unaware of any other address. After doing so, the court will revisit the issue of default as raised in Plaintiff's Motion. (ECF No. 54.)

Accordingly, the court's ruling on default is deferred until such time.

DATED: February 7, 2020.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge