# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| DAN PURJES, an individual, and the PURJES FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>DIGINEXT, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:19-cv-00309<br><br>Magistrate Judge Dustin Pead |

The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings in this matter, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 23); *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Currently pending is Plaintiffs Dan Purjes ("Purjes") and the Purjes Foundation (the "Foundation") (collectively,"Plaintiffs") Motion for Entry of Default Certificate (the "Motion") against Defendant DigiNext, LLC ("DigiNext" or "Defendant").[1] (ECF No. 54; ECF No. 54-1.)

## BACKGROUND

On December 24, 2019, DigiNext's attorneys ("Defendant's Counsel") moved to withdraw their representation of Defendant.[2] Defendant's Counsels' motions were made with DigiNext's explicit consent as evidenced by the signature of Ari Friedman, Manager of DigiNext, electronically affixed to the Motion. (ECF No. 46.)

---

[1] Defendant Ari Friedman was previously dismissed as a Defendant in this action for lack of personal jurisdiction. (ECF No. 43.)

[2] Attorneys James Magleby, Geoffrey Biehn and Yevgen Kovalov each filed a separate motion to withdraw as counsel for Defendant. (ECF No. 44, ECF No. 45, ECF No. 46.)

1

On December 26, 2019, the Court issued Orders (the "Orders") allowing Defendant's counsel to withdraw and requiring Defendant to obtain new representation within twenty-one (21) days.[3] (ECF No. 47; ECF No. 48; ECF No. 49.) The Orders clearly state that failure to file a new, timely notice of appearance could result in the imposition of "sanction[s] pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment." (*Id.*) The District Court Clerk's Office ("Clerk's Office") mailed the Orders to DigiNext at the address provided by Defendant's Counsel: DigiNext, LLC, c/o Ari Friedman, Principal, 347 5th Ave, Suite 1502-188, New York, New York 10016.

On January 7, 2020, the Orders were returned as undeliverable, with no forwarding address provided. (ECF No. 50.) The following day, the Court emailed Defendant's Counsel requesting confirmation that DigiNext's address was correct.[4] In response, Defendant's Counsel provided the same address with a different suite number, Suite 1402-188.

On January 9, 2020, the Clerk's Office mailed the Orders to the newly identified suite number. Yet, on January 15, 2020, the Orders were again returned as undeliverable. (ECF No. 53.)

On February 7, 2020, the court asked Plaintiffs if they were aware of an alternative address for Defendant. (ECF No. 56.) In response, Plaintiffs provided a Westfield, New Jersey address originally utilized in conjunction with the issuance of a summons. (ECF No. 8; ECF No. 57.) Consistent therewith, the Court ordered the Clerk's Office to mail the Orders to DigiNext at the New Jersey address along with the admonition that DigiNext's "failure to acknowledge

---

[3] As a limited liability company, DigiNext must be represented by an attorney admitted to practice in this court and cannot represent itself pro se. *See* DUCivR 83-1.3.

[4] This information is contained in a January 8, 2020 Chambers' Note.

receipt and respond" by February 21, 2020 would result in the court moving forward with default judgment. (ECF No. 59.)

The February 21, 2020 date has now passed and DigiNext has neither acknowledged receipt nor responded to the Orders. Accordingly, upon review of Plaintiffs' Motion for Entry of Default Certificate the court now rules as set forth herein. (ECF No. 55, ECF No. 58).

## DISCUSSION

To begin, the court adopts the analysis set forth in its February 7, 2020, Memorandum Decision and Order ("Memorandum Decision"). (ECF No. 56.) Specifically, the court incorporates its determination that Plaintiffs' request for entry of a default certificate, although raised under rule 55, is more properly considered under rule 37 as a request for entry of default judgment as a sanction for failure to comply with the court's Orders. *Id.*; *see* Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(vi).

1. **Default As A Sanction**

Default judgment is a "harsh sanction that should be used only when a party's noncompliance is due to "willfulness, bad faith, or any fault of the disobedient party and not when a party is unable to comply with a [pretrial] order." *Klein-Becker USA, LLC v. Englert,* 711 F.3d 1153, 1159 (10th Cir. 2013) (alteration in original) (internal quotation and citation omitted).

Before rendering default, the court must consider several factors including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992); *see also Mobley v McCormick,* 40 F.3d 337, 314 (10th Cir. 1994).

3

These factors "do not represent a rigid test. . . ." *Lee v. Max Int'l, LLC,* 638 F.3d 1318, 1323 (10th Cir. 2011). Rather, they are "simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function." *Id.* The court applies the relevant factors here.

First, Plaintiffs, as "the diligent part[ies,]" are clearly prejudiced by the delay and "must be protected lest [they] be faced with interminable delay and continued uncertainty as to [their] rights." *Stampin' Up!, Inc. v. Hurst,* 2018 U.S. Dist. LEXIS 74355 *7 (D. Utah, May 1, 2018) (*citing Cessna Fin. Corp. v. Bielenberg Masonry Contracting*, *Inc.,* 715 F.2d 1442, 1444 (10th Cir. 1983) (citation and internal quotation marks omitted)). Second, the litigation cannot continue without DigiNext's participation and Defendant's failure to respond has significantly interfered with the judicial process. Both Plaintiffs and the court have expended significant time and resources attempting to locate and communicate with DigiNext.

In addition, DigiNext is not without culpability given that Defendant consented to counsels' withdrawal but failed to enter a new notice of appearance, contact opposing counsel or communicate with the court. Indeed DigiNext is not simply a defendant in this action. Rather, DigiNext "invoke[d] the processes of the federal courts" by bringing its own counterclaims and is therefore an active participant responsible for pursuing claims, advancing a defense and providing updated contact information. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("a litigant who invokes the process of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."). In turn, Defendant's counsels' motions to withdraw, as signed by Ari Friedman on behalf of DigiNext, specifically note the possibility of default if new counsel fails to appear, and Defendant cannot avoid default judgment simply by ignoring this litigation. Finally, there is no indication that under these

circumstances any lesser sanction would be effective since Defendant's engagement and participation in the process is required for all other forms of relief.

Thus, upon review, application of the relevant factors weigh in favor of entering default judgment against DigiNext and in favor of Plaintiff as a sanction for failure to comply with the court's Orders. *See* Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(vi).

**2. Default Judgment Under Rule 55**

Having determined that DigiNext's noncompliance warrants entry of judgment under Rule 37, the court follows "the procedure for entry of a default judgment as set forth in Rule 55." *Stampin' Up!, Inc.,* at *8. Under Rule 55, a defendant who fails to "defend an action is deemed to have admitted the well-pleaded factual allegations of the complaint as true." *Lopez v. Highmark Const., LLP,* 2018 U.S. Dist. LEXIS 53177 *4 (D. Colo. Mar. 29, 2018). Still, in order for a court to enter default, "there must be a sufficient basis in the pleadings" "constitut[ing] a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster,* 596 F.3d 751, 752 (10th Cir. 2010).

This is a copyright infringement case. To state a cause of action for infringement, plaintiffs must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Blehm v. Jacobs,* 702 F.3d 1193, 1199 (10th Cir. 2012) (citations and internal quotation marks omitted). Upon review of Plaintiffs' complaint, in conjunction with the prior litigation before District Court Judge Clark Waddoups, the allegations, accepted as true, appear to contain sufficient factual matter to state claims for copyright infringement against DigiNext.[5] (ECF No. 2.)

---

[5] *See Purjes v. DigiNext,* 2:17-cv-1190 (the "prior litigation").

### 3. **Damages**

Default judgment "cannot not be entered until the amount of damages has been ascertained." *Lopez* at *6 (*citing Herzfeld v. Parker,* 100 F.R.D. 770, 773 (D. Colo. 1984). Federal Rule 55(b) provides that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). A court may, however, enter judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Lopez* at *6-7 (*citing Venable v. Haislip,* 721 F.2d 297, 300 (10th Cir. 1983)).

Plaintiffs' complaint seeks monetary and injunctive relief in the form of: (1) statutory damages of $150,000 for willful infringement pursuant to 17 U.S.C. § 504; (2) an order requiring Defendants to provide an equitable accounting and disgorgement of all revenues and/or profits wrongfully realized; (3) recover[y of] the costs of this action together with reasonable costs and attorneys' fees totaling $35,302.71; and (4) an order enjoining any future violations of the Foundation's rights in the Film *Eating You Alive* (the "Film") or copyright registration. (ECF No. 2 at 8.)

#### a. **Statutory Damages**

Pursuant to 17 U.S.C. § 504(c)(2), Plaintiffs seek an award of $150,000.00 in statutory damages for "willful" copyright infringement. Upon review, the court is without sufficient information to award statutory damages for a willful violation and requests supplemental briefing, as addressed below.

### b. Equitable Accounting & Disgorgement

Given Defendant's failure to respond, Plaintiffs' request for an equitable accounting and disgorgement from DigiNext is not feasible and, without the requested information, the relief sought is not quantifiable.

The burden is on Plaintiffs to support their damages. *Jennings v. Rivers,* 394 F.3d 850, 853 (10th Cir. 2005). A court may not award damages "without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Niemi v. Lasshofer,* 770 F.3d 1331, 1352 (10th Cir. 2014) (internal quotation marks and citation omitted). Upon review, the court is without sufficient information to award an equitable accounting and disgorgement and requests supplemental briefing on this issue, as addressed below.

### c. Attorney Fees and Costs

Next, Plaintiffs seek $35,302.71 ($34,543.00 + $759.71) in attorney fees and costs.[6] Consistent with entry of default judgment and the Declaration of Attorney Jared L. Cherry, the court awards reasonable expenses including attorney fees and costs as requested in the amount of $35,302.71. *See Declaration of Jared L. Cherry* (ECF No. 58.)

### d. Injunction

Finally, Plaintiffs seek a permanent injunction preventing Defendant from any future infringement of their rights in the Film or copyright registration. Section 502(a) of the Copyright Act "authorizes a court to issue a permanent injunction 'on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.'" *Harolds Stores v. Dillard Dep't Stores,* 82 F.3d 1533, 1555 (10th Cir. 1996) (*quoting* 17 U.S.C. § 502(a)). In general, a copyright holder

---

[6] Plaintiffs' counsel indicates it has billed 108.30 hours since the inception of this case at $318.96 per hour. (ECF No. 58 at 4.)

must establish both "past infringement and a substantial likelihood of infringement in the future." *Id.* at 1555.

Here, Plaintiffs allege Defendant wrongfully distributed the Film in the past and continues to do so. In the prior litigation, Judge Waddoups determined that the Foundation has "all rights in the [F]ilm Eating You Alive and that DigiNext has no rights in the film." (Case No. 2:17-cv-01190-CW, ECF No. 51.) Thus, given Judge Waddoups' ruling and Defendant's default for failure to respond to court Orders, Plaintiffs are entitled to enjoin Defendant from any future violations of Plaintiffs' rights in the Film or copyright registration. *See generally Caroline Records v. Westhoff,* 2006 U.S. Dist. LEXIS 12191 *6 (D. Colo. Jan. 25, 2006).

### 4. Supplemental Briefing

The court requests supplemental briefing, on or before March 30, 2020, as to the court's authority to award statutory damages and an equitable accounting. The briefing should address, in addition to any other issues Plaintiffs deem relevant,: (1) the court's ability to award statutory damages where default judgment has been entered as a sanction for discovery abuses but there has not been a finding of willful infringement; and (2) the non-quantifiable nature of Plaintiffs' request for an equitable accounting and disgorgement.

### ORDER

Accordingly, consistent with the court's ruling IT IS HEREBY ORDERED:

1. Plaintiffs' Motion is GRANTED and default judgment is entered against DigiNext. (ECF No. 54.) Defendant's counterclaims against Plaintiffs are dismissed. The court will not, however, determine the total amount of damages to be awarded until additional information is provided and, if necessary, a hearing is held.

To that end:

a. Plaintiffs are awarded reasonable expenses including attorney fees and costs in the amount of $35,302.71;

b. Plaintiffs are permanently enjoined from any future violations of the Foundation's rights in the Film *Eating You Alive* or the Copyright Registration;

c. No later than March 30, 2020 Plaintiffs shall provide additional briefing on their request for an award of statutory damages for willful infringement, pursuant to 17 U.S.C. § 504, in the amount of $150,000.00; and

d. No later than March 30, 2020 Plaintiffs shall provide additional briefing on their request for an equitable accounting and disgorgement.

DATED: March 17, 2020.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge